UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JIMMY GONZALES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFF ROSEN, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-01232-JD<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE** |

　　　　Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. Court records indicate that plaintiff has previously filed approximately 25 cases in this district and has at least three deficient pleadings.

　　　　The Prison Litigation Reform Act of 1995 ("PLRA"), enacted April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The phrase "fails to state a claim on which relief may be granted," as used in § 1915(g), "parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A case is "frivolous" within the meaning of § 1915(g) if "it is of little weight or importance: having no basis in law or fact." *Id*. (internal quotation and citation omitted). Further, because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases dismissed before the effective date of § 1915(g) may be counted as qualifying dismissals or "strikes." *See Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997). A dismissal under § 1915(g) means

that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

The following cases appear to be strikes pursuant to § 1915(g): (1) *Gonzales v. USA*, N. D. Cal. Case No. C 98-3060 MHP (civil rights action dismissed as frivolous), (2) *Gonzales v. Doe*, N. D. Cal. Case No. C 99-5290 MHP (civil rights action dismissed for failure to state a claim); (3) *Gonzales v. Evans*, N. D. Cal. Case No. C 06-3108 JW (civil rights action dismissed for failure to state a claim); and (4) *Gonzales v. Chino Christian Children's Home*, C. D. Cal. Case No. 07-6037 (civil rights action dismissed for failure to state a claim).

In light of these dismissals, plaintiff shall show cause within 28 days why in forma pauperis should not be denied and why he should not be required to pay the entire filing fee to continue with this case. Plaintiff does not appear to be under imminent danger of serious physical injury as plaintiff seeks to compel the superior court to change his criminal sentence. Plaintiff should also address why this case should not be dismissed as he has filed a civil rights case to seek habeas relief. Court records indicate that petitioner's federal habeas petition was denied as were his later appeals and a request to file a second or successive petition. *Gonzalez v. Evans*, N. D. Cal. Case No. C 03-4915 JW.

## CONCLUSION

Plaintiff is ordered to show cause within **twenty-eight (28) days** of the date this order is filed why in forma pauperis should not be denied and he be required to pay the entire filing fee to continue with this case.

**IT IS SO ORDERED.**

Dated: May 6, 2014

_____
JAMES DONATO
United States District Judge

14-cv-01232-JD-_osc-p